Affirmed.

BLAND, Associate Judge, sat during the argument of this case, but resigned before the opinion was prepared.

35 C.C.P.A. (Patents)

## Application of CAMP.
### Patent Appeal No. 5352.

Court of Customs and Patent Appeals
Jan. 6, 1948.

K. Wilson Corder, of Atlanta, Ga. (Robert C. Watson, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States

Patent Office affirming the decision of the Primary Examiner rejecting claims 1 to 12, inclusive, in appellant's application for a patent for an invention relating to a highway guard rail construction.

Claims 13, 14 and 15 were allowed by the Primary Examiner.

Claim 4 is sufficiently illustrative of the appealed claims. It reads:

"In a traffic guard of the character described, a series of supports, curved spring brackets mounted on said supports, a clip pivotally united with the front portions of said brackets, and a flexible resilient impact member carried by said clip in sliding relationship therewith."

The references relied on are:

Campbell, 2,007,467, July 9, 1935.
Irons et al., 2,056,858, October 6, 1936.
Camp, 2,167,635, August 1, 1939.

The device disclosed by appellant's application comprises a guard rail or impact member in the form of a long flat strip of metal which extends horizontally between two end posts, with the flat side of the strip in a vertical plane. The ends of the strip are resiliently connected to the end posts by coil springs. Additional posts are provided between the end posts for supporting the intermediate portions of the impact member. Each of the additional posts carries a spring which is in the form of a flat strip of resilient metal bent into a substantially circular loop, the axis of which is vertical. The ends of the strip are formed to provide eyes through which a pintle may be passed. Associated with each of the springs is a clip member in the form of a flat plate having its upper and lower edges turned over to provide grooves adapted to receive the impact member. The back of the clip is formed to provide two sets of eyes, and these eyes are brought into registering position with the eyes on the ends of the spring, and pintles are passed through them, thus providing a pivotal connection between the clip and each end of the spring. The impact member passes through the clips and is held against vertical displacement by the turned-over edges, but is free to slide horizontally through the clips.

The references relied on all show guard rail structures in which a flat strip is resiliently connected at its ends to end posts and in which intermediate posts are provided, the intermediate posts having springs mounted on them, and the springs carrying clips through which the flat strip slidably passes. None of the references, however, show a pivotal connection between the clip and the spring.

The Primary Examiner and the board held that the references disclosed appellant's combination of posts, flat metal strip, spring mountings and clips to be old and that appellant's invention resided in his specific spring and clip for attaching the strip to the intermediate posts. Claims to the spring and clip combination were allowed. The rejection was based solely on the ground of old combination and it was not held that the references, singly or in combination, disclosed or suggested the actual structure recited in the appealed claims.

The rejection on the ground of old combination would be proper if appellant's new arrangement of spring and clip did not result in a different operation of the flat strip which forms the impact member. Thus, if the new arrangement were merely stronger or more resilient than the old ones, no new combination would be produced. In the present case, however, as counsel for appellant points out, if the clip was not pivotally mounted, the impact member, when struck by a car, might be sharply bent around the spring, so that when the car, in traveling along the impact member, arrives at the spring, it will encounter a sudden change in the direction of the impact member which would result in damage to the car or guard rail structure or both. On the other hand, with appellant's pivotally mounted clip construction, the clip changes its direction when the impact member is struck by a car, and the portion of the member which is held by the clip undergoes a corresponding change in direction. The result is that instead of a sudden bending about a substantially fixed point there is a more gradual change in direction on the part of a considerable length of the impact member. There being no sharp bends, the car is guided away from the impact mem-

ber and its change of direction is sufficiently gradual to avoid damage.

It thus appears that there is a definite coaction between the pivotally mounted clip and the impact member and that the action of the member is modified in kind by the pivotal mounting. Since no such pivotally mounted clip is shown in the references relied on, it follows that, so far as the references are concerned, appellant has produced a structure involving a new type of action of the spring, clip, and impact member. Under such circumstances the impact member and supporting posts, which are essential to the production of the new type of action, constitute elements of a new combination, not disclosed by the prior art and, in our opinion, involves invention.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.

BLAND, Associate Judge, sat during the argument of this case, but resigned before the opinion was prepared.